FILED
2010 JUL -6 PM 3:35
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ CS _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff/Respondent,<br>vs.<br><br>FERNANDO MONTES,<br><br>                  Defendant/Petitioner. | CASE NO. 08-cv-1246 BEN<br>       (07-cr-3449 BEN)<br><br>ORDER DENYING MOTION FOR TIME REDUCTION UNDER 28 U.S.C. 2255<br><br>[Docket No. 39] |

     Before this Court is Defendant/Petitioner Fernando Montes' ("Petitioner's") Motion for Time Reduction by an Inmate in Federal Custody pursuant to 28 U.S.C. § 2255 ("Motion"). Petitioner's Motion is made on the grounds that Petitioner has two teenage daughters who need his support. For the reasons set forth below, the Court **DENIES** Petitioner's Motion.

## RELEVANT BACKGROUND

     On November 30, 2007, Petitioner drove across the California-Mexico border at the West Port of Entry in Calexico, California. The border inspectors found approximately 14.10 kilograms of cocaine hidden in his vehicle.

     On December 27, 2007, the United States filed an Information charging Petitioner with one count of importation of cocaine under 21 U.S.C. §§ 952 and 960, and one court of aiding and abetting under 18 U.S.C. § 2. (Docket No. 12.)

     On January 29, 2008, Petitioner pled guilty to the Information before Magistrate Judge Leo S. Papas.

1  On May 9, 2008, this Court accepted Petitioner's guilty plea and, based thereon, imposed a
2  prison term of 37 months. (Docket No. 35.) The Court advised the parties that, but for the plea
3  agreement, the Court could have imposed a prison term of at least 120 months. (Opp., Ex. A at 4:6-
4  21.)
5  On July 10, 2008 Petitioner filed the Motion currently before this Court. (Docket No. 39.)
6  Respondent filed a Response and Opposition (Docket No. 43); Petitioner did not file a reply.
7  For the reasons set forth below, the Court **DENIES** Petitioner's Motion to Reduce or Vacate
8  Sentence.

## DECISION

### I.  PETITIONER WAIVED HIS RIGHT TO CHALLENGE HIS SENTENCE

Petitioner's plea agreement includes a waiver provision providing, in relevant part,

> . . . defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government. . . or the statutory mandatory minimum term, if applicable.

(Opp., Ex. B at pgs. 10-11.)

The Ninth Circuit regularly enforces knowing and voluntary waivers in criminal cases where the waivers are part of negotiated guilty pleas. *United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir. 2000). "The sole test of a waiver's validity is whether it was made knowingly and voluntarily." *Id.* at 1068 (citing *United States v. Michlin*, 34 F.3d 896, 898 (9th Cir. 1994)). When a waiver is a term of the plea agreement and the defendant states she understands the agreement, she has knowingly and voluntarily waived her right to appeal. *Michlin*, 34 F.3d at 898-99.

The plea agreement's language in this case clearly embraces a waiver of any collateral attack on the imposed sentence, including a Section 2255 motion. *See United States v. Schuman*, 127 F.3d 815, 817 (9th Cir.1997) (per curiam). The record reflects that Petitioner's waiver was knowing and voluntary, as evidenced by his initials on each page of the plea agreement and signature at the end of the agreement. (Opp., Ex. B.) At sentencing, in fact, Petitioner represented that the plea was knowing and voluntary (Opp., Ex. A at 2:23-3:10) and that he fully understood the agreement (*Id.*; *see also Id.*

at 3:23-4:3.). The Court found that there was a factual basis supporting the plea, and that the plea was knowingly and voluntarily made. *Id.* Therefore, the Court finds that Petitioner's waiver was made knowingly and voluntarily and, thus, is valid.

The exceptions to waiver set forth in the plea agreement also do not apply. Those exceptions include where the Court imposes a sentence greater than the high end of the range recommended by the Government or the statutory mandatory minimum. The record shows that the applicable sentencing range in this case was between 37 and 46 months (Docket No. 27) and that the statutory mandatory minimum was 120 months (*see* 21 U.S.C. §§ 952, 960). Nonetheless, the Court imposed a sentence of only 37 months, noting that had the parties not agreed to the plea agreement, the Court would have been inclined to impose a sentence of at least 48 months based on the quantity and type of drugs involved. (Opp., Ex. A at 4:6-24.) The Court's sentence clearly did not exceed the high end of the sentencing range recommended by the Government and did not exceed the statutory mandatory minimum. Thus, the exceptions to Petitioner's waiver do not apply.

In light of the above, the Court finds that, pursuant to the plea agreement, Petitioner waived his right to challenge his sentence.

## CONCLUSION

For the above stated reasons, the Court **DENIES** Petitioner's Motion for Time Reduction by an Inmate in Federal Custody pursuant to 28 U.S.C. § 2255 (Docket No. 39).

**IT IS SO ORDERED.**

DATED: 6/30 , 2010

Honorable Roger T. Benitez
Judge United States District Court